450 

JOSEPH MARIN, PLAINTIFF-RESPONDENT, v. FRANK M. MITCHELL, DEFENDANT-APPELLANT.

Submitted October term, 1929—Decided May 27, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the plaintiff-respondent, *Gross & Gross*.

For the defendant-appellant, *Mark Townsend, Jr.*

PER CURIAM.

This is an appeal from a judgment of $1,775.52 in favor of the plaintiff and against the defendant at the Hudson County Circuit Court in an action to recover broker's commissions for procuring a buyer of lease held by the defendant on certain garage premises. The appeal relates solely to the admission of questions in the examination of William Schaefer.

It was in evidence, without objection, that Schaefer was employed by the defendant as manager in full charge of the garage, which was the subject-matter of the lease and the suit, and that the plaintiff came to the garage with Mindlin, the subsequent purchaser of the lease, and that the plaintiff came into the office and asked permission to go through the garage; that the witness knew what plaintiff wanted. Thereupon the witness was asked what it was that Marin wanted, and the question was objected to upon the ground that it

was an immaterial, irrelevant, self-serving declaration. We think the question was not subject to either of these criticisms. The answer was then given, namely: "For the purpose of seeing the place, showing the place to the prospect;" and in answer to further questions, unobjected to, the witness explained that by "the prospect" he meant a prospective purchaser for the garage lease. The question was then asked: "Will you please repeat all of the conversation between you and Mr. Marin when he called there on that occasion?" After discussion the question was reframed to read: "What did Mr. Marin say when he came there?" Objection was made upon the ground that the witness had no authority to bind the defendant and that agency could not be proved by a self-serving declaration. The question was admitted and the answer was: "He asked for permission to go through the garage; he had a prospect with him to purchase the garage." The question was not objectionable upon the ground stated to the court and even though it were objectionable, it is harmless for the reason that the witness had already testified that Marin was there for the purpose of seeing the garage and showing it to a prospective purchaser of the lease.

We do not find in the questions any intent to bind the defendant by the act or word of the witness as an agent, nor do we find in the answers any such effect. The plaintiff had been authorized directly by the defendant in writing to sublet, on defendant's behalf, the garage premises. Subsequently the defendant conveyed the lease to Mindlin, the gentleman whom the plaintiff showed the premises to. A disputed question was whether the plaintiff had been the effective agent in the transaction, and the testimony was incidental to the proof of what the plaintiff had actually done toward accomplishing the sale. The purport of the testimony was that the plaintiff had taken Mindlin for the purpose of showing him the premises, and in this respect it was cumulative and corroborative of other evidence in the case.

The judgment below will be affirmed.